STATE of Missouri, Respondent,

v.

Darrell WHITEHORN, Appellant.

No. ED 79561.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 15, 2002.

Order Denying Motion for Rehearing and/or Transfer to Supreme
Court Dec. 6, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 2002.

**160**

Daniel L. Mohs, Stokely Group, L.L.C., St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Nicole E. Gorovsky, Assistant Attorney General, Jefferson City, MO, for respondent.

Before MARY R. RUSSELL, P.J., CLIFFORD H. AHRENS, J., and CHARLES B. BLACKMAR, Sr. J.

### ORDER

PER CURIAM.

Darrell Whitehorn appeals from a jury verdict finding him guilty on charges of forcible rape and second-degree robbery. The trial court sentenced him to a prison term of 25 years for the forcible rape conviction and a consecutive term of 10 years for the robbery conviction. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 30.25(b).

### ORDER

PER CURIAM.

Appellant has filed a Motion for Rehearing and Application for Transfer. Appellant complains that "this Court is well aware of the severe limitation on the pages and/or word count of a brief that has now existed for several years." Appellant states this is the reason he did not cite fully to the record in the argument portion of his brief. If appellant believed this limitation hampered his ability to properly present this issue, appellant could have sought leave to exceed the word count under Rule 360(b), however, he did not do so.

Appellant also complains that "the Court's complete failure to review the entire issue demonstrates its bias, its denial of a fair appeal to appellant and its general laziness in failing to read Johnson's testimony . . ." Such disrespectful language will not be tolerated from counsel for appellant. This phrase is ordered stricken as contemptuous.

Appellant's Motion for Rehearing and Application for Transfer is denied.