**Darrell WHITEHORN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 90974.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 3, 2009.

Edward S. Thompson, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, James B. Farnsworth, Jefferson City, MO, for Respondent.

Before ROY L. RICHTER, P.J., LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J.

## ORDER

PER CURIAM.

Darrell Whitehorn (hereinafter, "Movant") appeals from the denial of his Rule 29.15 post-conviction motion after an evidentiary hearing. Movant was convicted of one count of robbery in the second degree, Section 569.030 RSMo (2000),[1] and one count of forcible rape, Section 566.030. Movant was sentenced, as a prior and persistent offender, to ten years' imprisonment on the robbery count and twenty-five years' imprisonment on the forcible rape count, to run consecutively. Movant's convictions were affirmed on direct appeal. *State v. Whitehorn,* 92 S.W.3d 159 (Mo.

---

1. All references to Section 211.447 are to RSMo Supp.2007.

1. All statutory references are to RSMo (2000) unless otherwise indicated.

App. E.D.2002). Subsequently, Movant filed a motion for post-conviction relief pursuant to Rule 29.15, which the motion court denied after an evidentiary hearing.

Movant raises three points on appeal. Movant claims the motion court clearly erred when it erroneously determined he did not receive ineffective assistance of counsel when defense counsel: (1) failed to produce and introduce photographs of the victim's apartment which would refute the victim's recitation of the attack; (2) "thwarted" Movant's wish to testify and persuaded him otherwise; and (3) failed to present the victim's boyfriend at trial to impeach the victim's testimony regarding her assailant's height.

We have reviewed the briefs of the parties, the legal file, and the transcript and find the motion court's decision was not clearly erroneous. Rule 29.15(k). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 84.16(b).